SHAW, Justice,
concurring specially.
I agree with the majority opinion insofar as it declines to abolish or modify the Florida Rule of Civil Procedure 1.450(e). Although the opinion seems to imply that the rule under consideration prohibits the join-der of an insurer as co-defendant in a civil medical malpractice trial, this is not the case. Rule 1.450(e) merely deals with “references” to insurers and not to joinder. This was made clear in our decision in Sparkman which is cited with approval in the majority opinion. In Sparkman this Court recognized that the legislative enactment of section 768.133(10) of chapter 75-9, Laws of Florida, was never an intent to bar the joinder of insurers as co-defendants. The legislative purpose was to bar reference to the joinder of insurers rather than actual joinder. In adopting rule 1.450(e) the Court recognized the wisdom of the expressed legislative policy. It follows that the attendant constraints expressed in that policy were embraced in our adoption of rule 1.450(e) as a rule of procedure. With this clarification, I concur in the majority opinion.